IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRENT E. BELT                                                                                              PLAINTIFF
ADC #600805

V.                                          NO.  1:07cv00055 BSM-JWC

LINDA WOMACK, et al                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original,

>of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR  72201-3325

## II.  Recommended Disposition

Plaintiff is a pro se inmate currently confined to the North Central Unit of the Arkansas Department of Correction ("ADC").  On November 30, 2007, he filed this action pursuant to 42 U.S.C. § 1983 (doc. 2).  On January 4, 2008, Defendants filed a motion to dismiss (or, in the alternative, a motion for summary judgment) and brief in support (doc. 9, 10) seeking to dismiss Plaintiff's complaint on the grounds that he has failed to exhaust his administrative remedies, he has failed to state a claim upon which relief can be granted, and his claims are barred by the doctrines of sovereign and qualified immunity.  By order entered January 8, 2008 (doc. 15), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motion.  In addition, Plaintiff was advised that since Defendants had attached evidence to their brief, the Court may construe the motion as one for summary judgment.  Plaintiff was therefore advised that his response to Defendants' motion could include opposing or counteraffidavits, executed by him or other persons, which had either been sworn to under oath, i.e., notarized, or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746.  Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff was

also advised to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial. Plaintiff has filed his response (doc. 32).

According to Plaintiff's complaint (doc. 2), on May 26, 2007, he was informed that Correction Officer Griffith had retrieved a 9x12 yellow legal envelope containing an Attorney General's brief that had been sent to Plaintiff by his lawyer on June 9, 2006, approximately a year earlier. Plaintiff alleges that the legal work was not only withheld from him but opened outside his presence as well. Plaintiff holds Defendant Womack liable because she was the mail room clerk at the time of the incident. He holds Defendant Banks liable, as Defendant Womack's superior, for failing to properly instruct her and other employees of the ADC's legal mail policy. He last holds Defendant Norris liable as the ADC's director for failing to assure that his employees followed the legal mail policy. Plaintiff contends that the delay in receiving his mail denied him access to appeal the court's decision in his case— Plaintiff does not specify which decision or court; however, this Court assumes he is referring to his underlying criminal conviction.

### III. Standard

Summary judgment[1] is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317,

---

[1] The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of the plaintiff's pleadings before the defendant's answer is due. However, if a 12(b)(6) motion is based on evidence outside the pleading, the motion may be converted to a motion for summary judgment. Id. 12(b). Generally, if the court considers the evidence, the motion must be converted to a motion for summary judgment. Id. Because Defendants attached evidence to their brief in support of their motion which the Court relies upon, and since Plaintiff has been given the opportunity to respond to Defendants' motion thus negating any potential claim of unfair surprise, Defendants' motion will be construed as one for summary judgment. Id. 56.

322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999). A moving party is nevertheless entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993). A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994). Moreover, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### IV. Analysis

**A.    Administrative Exhaustion**

Defendants first contend that Plaintiff has failed to exhaust his administrative remedies as to Defendant Banks and Norris because he did not individually name them in his grievance concerning the incident at issue herein. Defendants further contend that although Plaintiff did name Defendant Womack in his grievance, he alleged no wrongdoing on her part. Administrative exhaustion is an affirmative defense that must be raised by defendants. See Guerra v. Kempker, 134 Fed. Appx. 112 (8th Cir. 2005) (unpub. per curiam) (citing Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam)) (district court erred in dismissing complaint sua sponte for failure to exhaust administrative

remedies; failure to exhaust is an affirmative defense, and plaintiff need not plead that he has exhausted his remedies in order to avoid pre-service dismissal).

An inmate must exhaust all available administrative remedies prior to initiating a § 1983 prison conditions suit. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory"); Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (holding that "all available prison grievance remedies must be exhausted as to all of the [plaintiff's] claims"); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (stating that "if administrative remedies are available, the prisoner must exhaust them," regardless of his subjective beliefs about their availability). Exhaustion of remedies requires the inmate to first attempt informal resolution and then to timely file and appeal a particular grievance through several administrative levels. Plaintiff was required to appeal his grievance(s) to the highest administrative level, the Deputy/Assistant Director of the ADC. See ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004).

In Jones v. Bock,[2] the plaintiff challenged the rule requiring that every defendant to be named in a subsequent lawsuit must also be named during the grievance process as well as the "total exhaustion" rule. The Jones court concluded that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Jones held that the PLRA itself does not impose such a requirement; instead, the parties must look to what the prison grievance process itself requires. "The level of detail

---

[2] 127 S. Ct. 910 (2007).

necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. at 923. Jones additionally rejected the "total exhaustion" rule requiring dismissal of the complaint as a whole, concluding instead that courts should proceed with the exhausted claims in instances where the plaintiff has failed to exhaust some, but not all, of the claims asserted. Id. at 924-26.

Plaintiff contends (doc. 32) that the ADC policy in effect at the time did not require him to name particular officials or to appeal favorable decisions. The informal resolution and grievance forms attached to Defendants' brief (see doc. 10, Exhibits A & B) reveal that Plaintiff failed to specifically name either Defendant Banks or Norris. Instead, he grieved that his legal mail / work had been withheld from him for almost a year and opened outside his presence as well. He further grieved that the person responsible for handling the legal mail was Defendant Womack— and that she, by inference, had violated his constitutional rights. This is enough to prevent Defendant Womack's dismissal on exhaustion grounds. Contrary to Plaintiff's contention, however, this Court takes judicial notice of the instructions contained on the informal resolution and grievance forms that he filled out and that have been attached to Defendants' brief. They clearly notify and require inmates to specifically identify dates, places, and individual personnel involved in any complaint they wish to pursue administratively and, ultimately, through the courts. Pursuant to Jones v. Bock, this omission does require the dismissal of Defendants Banks and Norris from Plaintiff's action.

**B.     Failure to State a Claim**

Defendants next contend that Plaintiff has failed to state a constitutional claim. This argument will be addressed with respect to Defendant Womack, as she is the only remaining Defendant. According to Defendants' evidence, on May 26, 2007, a piece of

legal mail addressed to Plaintiff bearing a post-marked date of June 9, 2006, was discovered in between and behind mail boxes in the mail room at the North Central Unit (see doc. 10, Exhibit C). The piece of mail was discovered while employees were moving the mailboxes to clean and to reorganize the mail room and once discovered, was delivered to Plaintiff the same day. Defendants contend there is no indication that Defendant Womack intentionally did anything to prevent Plaintiff from receiving his legal mail and instead attribute the incident to an unfortunate mishap. Assuming Defendant Womack was the individual who actually did misplace Plaintiff's mail, Defendants further contend that her actions at most amount to negligence which fails to support a § 1983 claim for liability. Moreover, the allegations Plaintiff makes with regard to his lost piece of legal mail only refer to an isolated incident.[3] Last, Defendants contend that Plaintiff does not truly allege that he was harmed by not having received his mail on or about the date it was originally mailed.

Plaintiff contends (doc. 32) that in order to fully respond to this particular argument, he requires additional time to conduct discovery in order to prove the allegations of his complaint. Plaintiff claims that discovery will establish that Defendant Womack was working on the date of the incident, she was not properly trained, and that Defendants Banks and Norris were aware of numerous complaints against her in relation to opening and delaying the delivery of correspondence. Plaintiff further claims that he was prejudiced by Defendant Womack's actions because the failure to timely provide him with his legal documents "denied/hindered" his "opportunity to pursue legal actions in the courts."

---

[3] Defendants cite Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (internal citations omitted) ("[A]n isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the court's, does not give rise to a constitutional violation").

Specifically, that she prevented him from pursuing further legal action in response to the unidentified legal document that was withheld.

Plaintiff alleges that Defendant Womack violated ADC mail policy by opening his legal mail outside his presence, a claim that is not actionable under § 1983. He additionally alleges that the delay in receiving his mail denied him access to appeal the court's decision in his case. An internal ADC policy does not create a constitutional right, nor does a prison official's failure to follow such a regulation rise to the level of a § 1983 claim. See Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) (no federal constitutional liberty interest in having state officers follow state law); see also Smith v. Rucker, 259 F.3d 933 (8th Cir. 2001) (per curiam) (inmate's allegation that prison officials violated his due process rights by failing to follow administrative regulations did not state a claim; the due process clause does not federalize state-law procedural requirements); Hughes v. Lee County Dist. Court, 9 F.3d 1366, 1367 (8th Cir. 1993) (assertion that state violated its own procedural guidelines does not state a federal claim); Valiant-Bey v. Morris, 829 F.2d 1441, 1444 n.5 (8th Cir. 1987) (§ 1983 claim cannot be premised on violation of state regulation). However, Plaintiff does have a constitutional right to have confidential legal mail opened only in his presence. See Falls v. Nesbitt, 966 F.2d 375, 380 (8th Cir. 1992) (a prison official's violation of an internal regulation does not give rise to a § 1983 claim in the absence of objective evidence demonstrating a constitutional violation); see also Powells v. Minnehaha County Sheriff Dep't, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam) (holding inmate's allegation that prison officials opened his legal mail outside of his presence stated claim); Thongvanh v. Thalacker, 17 F.3d 256, 258-59 (8th Cir. 1994) (prisoners retain their First Amendment rights of sending and receiving mail, and prison officials may not read inmates' legal mail).

Legal mail is to be opened only in the presence of the receiving inmate. Gardner, 109 F.3d at 430 (citing Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981). No liability arises, however, from an isolated, inadvertent instance of opening incoming confidential legal mail without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access the courts. Gardner, 109 F.3d at 431. The record in Jensen, unlike the record in the present action, included evidence of several instances of opening an inmate's confidential, well-marked attorney mail. While Plaintiff does enjoy a constitutional right to have his confidential legal mail opened only in his presence, he must nevertheless demonstrate some injury and/or prejudice as a result of same. In Plaintiff's case there is simply no allegation or evidence demonstrating any improper motive on the part of Defendant Womack or that her actions in any way interfered with his right to counsel or to access the courts. See Turner v. Ms. Douglas, No. 1:06CV00058, 2007 WL 87628, at *2 (E.D. Ark. Jan. 10, 2007)[4] (citing Lewis v. Casey, 518 U.S. 343, 349 (1996)) ("To state a valid § 1983 claim due to interference with an inmate's legal mail, an inmate must allege that a defendant's deliberate and malicious interference actually impeded her access to the court or prejudiced an existing action"); see also Jones v. Mail Room Staff, 74 Fed. Appx. 418, 419 (5th Cir. 2003) (unpub. per curiam) (citing Lewis, 518 U.S. at 349-51) (plaintiff did not allege that he was prejudiced in any pending or contemplated litigation because the mail room staff had opened his legal mail; therefore, he fails to state a claim). Plaintiff describes the piece of mail as having been a copy of a brief written by the Attorney General's Office, forwarded to him by his attorney. While he may allege that he was prevented from filing a notice of appeal as a result of the envelope having been misplaced, his attorney of record certainly was not prevented from so doing—

---

[4] J. Leon Holmes and Henry L. Jones, Jr.

the October 12, 2005, Carroll County jury verdict against Plaintiff was not only appealed to, but affirmed by, the Arkansas Court of Appeals.  See Belt v. State, No. CACR 06-105, 2006 WL 2821537 (Ark. App. Oct. 4, 2006).  On these grounds, Plaintiff has failed to state a claim and Defendants' motion to dismiss as to Defendant Womack should be granted.

Defendants' remaining arguments need not be addressed.

## V.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' motion to dismiss (or, in the alternative, motion for summary judgment) (doc. 9) should be GRANTED and Plaintiff's complaint should be dismissed in its entirety WITHOUT PREJUDICE.

2. Any remaining pending motions should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

DATED this 5th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE